UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| LESLIE ALEXANDER | * | CIVIL ACTION NO. 07-1608 |
|---|---|---|
| VERSUS | * | JUDGE JAMES |
| NEWELLTON ELEMENTARY SCHOOL, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss pursuant to Rule 12(b)(1) & (6) [doc. # 12] filed by defendants, Tensas Parish School Board, Mary E. Johnson, and Shederick Moses.[1] The district court referred the motion to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons assigned below, it is recommended that defendants' motion to dismiss be DENIED IN PART and GRANTED IN PART.

## BACKGROUND

On September 29, 2006, Coach Shederick Moses, a faculty member at Newellton Elementary school, paddled then-twelve year old student, S.A.,[2] for removing another student's shoe. (Sept. 29, 2006, statement by S.A.; Exh. to Compl.). The paddling caused S.A. to suffer a

---

[1] Although defendant, Newellton Elementary School, did not join in the motion to dismiss, the issues and analysis apply with equal force to this defendant.

[2] The student is a minor, so the court will refer to her by her initials.

light red bruise and marks across her bottom.³ In a September 29, 2006, letter to the Tensas

Parish School Board, S.A.'s mother, Leslie Alexander, wrote that she wanted disciplinary action

to be taken against Coach Moses for inflicting corporal punishment upon her child without her

permission and full compensation for the pain and suffering that S.A. had endured. *Id*. Principal

Mary Johnson responded to Ms. Alexander's concerns in an October 23, 2006, letter, stating that

the manner in which Coach Moses disciplined S.A. violated the Tensas Parish School System

policy on corporal punishment. (Oct. 23, 2006, letter from Johnson to Alexander; Exh. to

Compl.). Johnson further stated that she had issued Moses a letter of reprimand. *Id*.

Not satisfied by the school's remedial measures, Leslie Alexander filed the instant pro se

complaint entitled "a Grievance" against defendants, Newellton Elementary School, Principal

Mary E. Johnson, Coach Shederick Moses; and Tensas Parish School Board. [doc. # 1]. The

complaint set forth the circumstances of the September 29, 2006, disciplinary incident and its

aftermath. *Id*. Plaintiff alleged that Principal Johnson and Coach Moses agreed to compensate

her in full (including her medical bills) – but never did. *Id*.⁴

Plaintiff's initial complaint neither alleged a basis for federal subject matter jurisdiction,

nor specifically prayed for any relief. Accordingly, on April 2, 2008, defendants, Tensas Parish

School Board, Mary E. Johnson, and Shederick Moses filed the instant motion to dismiss for lack

of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Fed.R.Civ.P. 12(b)(1) & (6). On April 28, 2008, the undersigned granted plaintiff a 60 day

---

³ *See*, Sept. 29, 2006, letter from Leslie Alexander to Tensas Par. Sch. Bd.; Exh. to Compl.

⁴ The complaint further alleged that Moses told Alexander that he paddled S.A. because other students had accused him of favoring her because he never fussed at her. *Id*.

light red bruise and marks across her bottom.[3] In a September 29, 2006, letter to the Tensas Parish School Board, S.A.'s mother, Leslie Alexander, wrote that she wanted disciplinary action to be taken against Coach Moses for inflicting corporal punishment upon her child without her permission and full compensation for the pain and suffering that S.A. had endured. *Id*. Principal Mary Johnson responded to Ms. Alexander's concerns in an October 23, 2006, letter, stating that the manner in which Coach Moses disciplined S.A. violated the Tensas Parish School System policy on corporal punishment. (Oct. 23, 2006, letter from Johnson to Alexander; Exh. to Compl.). Johnson further stated that she had issued Moses a letter of reprimand. *Id*.

Not satisfied by the school's remedial measures, Leslie Alexander filed the instant pro se complaint entitled "a Grievance" against defendants, Newellton Elementary School, Principal Mary E. Johnson, Coach Shederick Moses; and Tensas Parish School Board. [doc. # 1]. The complaint set forth the circumstances of the September 29, 2006, disciplinary incident and its aftermath. *Id*. Plaintiff alleged that Principal Johnson and Coach Moses agreed to compensate her in full (including her medical bills) – but never did. *Id*.[4]

Plaintiff's initial complaint neither alleged a basis for federal subject matter jurisdiction, nor specifically prayed for any relief. Accordingly, on April 2, 2008, defendants, Tensas Parish School Board, Mary E. Johnson, and Shederick Moses filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) & (6). On April 28, 2008, the undersigned granted plaintiff a 60 day

---

[3] *See*, Sept. 29, 2006, letter from Leslie Alexander to Tensas Par. Sch. Bd.; Exh. to Compl.

[4] The complaint further alleged that Moses told Alexander that he paddled S.A. because other students had accused him of favoring her because he never fussed at her. *Id*.

extension of time to respond to the pending motion. (April 28, 2008, Order). Briefing is now complete; the matter is before the court.

## LAW AND ANALYSIS

I. Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)(citation omitted).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104 F.3d 1256, 1260-1 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-9 (11th Cir. 1990); *see Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [her] complaint are taken as true for purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The instant motion raises a "facial attack."

Plaintiff's original complaint did not set forth any basis to support subject matter

3

jurisdiction. Nonetheless, when, as here, "a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity. 28 U.S.C. §§ 1331 & 1332.[5] For purposes of diversity jurisdiction, "[a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Moreover, the amount in controversy must exceed $ 75,000. 28 U.S.C. § 1332. Plaintiff's allegations do not establish the parties' citizenship and diversity, or that the amount in controversy exceeds $ 75,000.[6] Accordingly, diversity jurisdiction is lacking.

"[F]ederal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United

---

[5] Other types of cases also confer federal jurisdiction. *See e.g.*, 28 U.S.C. § 1333 (admiralty and maritime) and 28 U.S.C. § 1334 (bankruptcy). There is no suggestion that plaintiff's factual allegations would support subject matter jurisdiction on these or other grounds.
    Civil rights claims also confer federal subject matter jurisdiction. *See*, 28 U.S.C. § 1343. However, § 1331 is usually broad enough to encompass these claims.

[6] When jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). Indeed, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ." *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)).

In her response to defendants' motion to dismiss, Alexander alleged that all defendants discriminated against S.A. on the basis of her race, color, sex, and age in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq*.; Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, *et seq*.; and the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101, *et seq*. (Pl. Resp. [doc. # 21]).[7] Ordinarily, a party's response to a motion does not constitute an amended complaint. However, courts liberally construe pro se allegations. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972). Moreover, courts may construe responses to dispositive motions as motions for leave to amend the complaint. *Ganther v. Ingle*, 75 F.3d 207, 211-212 (5th Cir. 1996) (plaintiff's response to the motion for summary judgment should have been treated as a motion to amend complaint); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir.1972) (issue raised in memorandum in opposition to motion for summary judgment should have been construed as motion to amend complaint).

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course before being served with a responsive pleading. Plaintiff's "response" is the first time that she has amended her complaint. Furthermore, the docket sheet

---

[7] Plaintiff further alleged "[i]ntentional injury, intimidation committed by force and with physical obstruction." *Id*.

does not indicate that plaintiff has been served with a responsive pleading.[8] Accordingly, plaintiff does not need leave of court to amend her complaint; the court will construe her response as an amended complaint. The statutory references in plaintiffs' response/amended complaint suffice to assert federal subject matter jurisdiction via federal question, 28 U.S.C. § 1331. *Cervantez, supra*.[9]

Although plaintiff's amended complaint supports the exercise of federal subject matter jurisdiction, that does not necessarily mean that her allegations will withstand a motion to dismiss for failure to state a claim. When "'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Montez v. Department of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (citing *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981) and *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1347 (5th Cir. 1985)).

b) Failure to State a Claim

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." "[W]hen the allegations in a complaint, however true,

---

[8] A motion to dismiss is not considered a responsive pleading and does not extinguish a party's right to amend as a matter of course. *McLlellan v. Mississippi Power and Light Co.*, 526 F.2d 870, 872 n. 2 (5th Cir.1976), *modified on other grounds*, 545 F.2d 919 (5th Cir.1977) (*en banc*); *Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-1220 (5th Cir. 1984); *McKinney v. Irving Independent School Dist.*, 309 F.3d 308, 315 (5th Cir. 2002).

[9] To the extent that plaintiff's complaint, as amended, also sets forth factual allegations sufficient to assert a claim under state law, the presence of federal question jurisdiction permits the district court to exercise supplemental jurisdiction over sufficiently related claims. 28 U.S.C. § 1367. *But see*, discussion, *infra*.

could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S.___, 127 S.Ct. 1955 (2007). The right to relief alleged must exceed mere speculation. *Id*. If a complaint lacks an allegation regarding an essential element to obtain relief (or lacks allegations from which an inference may be fairly drawn), dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). Courts are compelled to dismiss claims based upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).[10]

With the foregoing precepts in hand, the court proceeds to consider the sufficiency of plaintiff's claims in light of her allegations.

i) Constitutional claim(s)

The Due Process Clause as incorporated into the Fourteenth Amendment protects the right to be free from bodily restraint and punishment. *Ingraham v. Wright*, 430 U.S. 651,

---

[10] Defendants attached an affidavit to their reply brief. However, the undersigned has not relied upon this extra-pleading evidence, and it is excluded. *See*, Fed.R.Civ.P. 12(d).

673-674, 97 S.Ct. 1401, 1413 -1414 (1977). Nonetheless, the Fifth Circuit does not permit public school students to bring claims for excessive corporal punishment as substantive due process violations of the Fourteenth Amendment when a state (such as Louisiana) affords students an adequate remedy through its tort law and statutory provisions. *Flores v. School Board of DeSoto Parish*, 116 Fed. Appx. 504, 509-511 (5th Cir. Nov. 16, 2006) (unpubl.) (citing *Coleman v. Franklin Parish School Bd.*, 702 F.2d 74, 76 (5th Cir.1983)). There is no apparent reason why the alleged wrong suffered by S.A. cannot be adequately redressed by state law. In fact, plaintiff's complaint seems to set forth the requisite factual allegations to support a state law battery claim.[11]

ii) Title VI of the Civil Rights Act

Title VI of the Civil Rights Act provides in pertinent part that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A cause of action under Title VI necessitates "(1) that the defendant have received federal financial assistance the primary objective of which is to provide employment (2) that was applied by the defendant to discriminatory programs or activities. 42 U.S.C. § 2000d-3." *National Ass'n of Government Employees v. City Public Service Bd. of San Antonio, Tex.*, 40 F.3d 698, 706 n9 (5th Cir. 1994). The instant complaint does not contain the foregoing factual allegations.

---

[11] "Battery is an intentional offensive contact with another person." *Johnson v. English*, 779 So.2d 876, 880 (La. App. 2d Cir. 2000) (citing *Caudle v. Betts*, 512 So.2d 389 (La. 1987)). The actor must have the intent to inflict an offensive contact without the other person's consent. *Id*.

8

Moreover, to assert a Title VI claim, "a party must not only allege and prove that the challenged conduct had a differential or disparate impact upon persons of different races, but also assert and prove that the governmental actor, in adopting or employing the challenged practices or undertaking the challenged action, intended to treat similarly situated persons differently on the basis of race." *Castaneda v. Pickard*, 648 F.2d 989, 1000 (5th Cir. 1981). A private right of action under Title VI requires intentional discrimination by the defendants. *Scokin v. State of Tex.*, 723 F.2d 432, 441 (5th Cir. 1984). The instant complaint, as amended, does not allege that similarly situated students were treated differently than S.A. on the basis of race, color, or national origin. In fact, plaintiff alleged that Coach Moses disciplined S.A. only because students had accused him of treating her more favorably than others. (Pl. Compl.).[12]

iii) Title IX

Title IX of the Education Amendment of 1972, 20 U.S.C. § 1681, prohibits sexual discrimination in education programs receiving federal funding. *Wheat v. Mass*, 994 F.2d 273, 276-277 (5th Cir. 1993). To prevail under Title IX, plaintiff must prove that: "(1) an educational program or activity; (2) which receives federal financial assistance; (3) subjected [her] to discrimination; (4) on the basis of sex." *Doe v. Beaumont I.S.D.* 8 F. Supp.2d 596, 614 (E.D. Tex. 1998) (citing 20 U.S.C. § 1681(a)). Plaintiff's complaint, as amended, contains no factual allegations demonstrating that defendants discriminated against S.A. on the basis of her gender. Accordingly, dismissal is warranted. *Wheat, supra* (Title IX claim dismissed because plaintiff made no showing that gender was a factor motivating defendants' actions).

---

[12] In other words, by disciplining her, Moses tried to treat S.A. like all of the other students.

iv) <u>Age Discrimination Act</u>

The Age Discrimination Act of 1975, 42 U.S.C. § 6102, ("ADA") prohibits discrimination on the basis of age in "any program or activity receiving Federal financial assistance." *National Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 466, 119 S.Ct. 924, 928 (1999). At a minimum, an ADA claim requires a showing that defendants discriminated against S.A. on the basis of her age. *Wheat, supra*. The instant complaint, as amended, is devoid of any factual allegations that S.A. was treated differently from other students on the basis of her age. Thus, dismissal is appropriate. *Wheat*, 994 F.2d at 276 (ADA claim properly dismissed where plaintiff made no showing that defendants discriminated against her on the basis of her age).

In sum, the allegations in plaintiff's complaint, as amended, are insufficient to state a claim arising under the asserted laws and Constitution of the United States. Dismissal is required. Fed.R.Civ.P. 12(b)(6).[13]

When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367. In fact, this is the general rule. *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004) (citation omitted). The undersigned further observes that the family law cases typically handled by state courts require significant interaction with minors such that the state courts are better positioned to address corporal punishment issues and their resulting effects upon children. Accordingly, the twin interests of comity and efficiency

---

[13] Although a motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted," *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982), the court observes that plaintiff has already amended her complaint once, and there is no indication that further amendment would cure the deficient allegations.

dictate that the remaining state law claims be dismissed without prejudice. 28 U.S.C. § 1367(c).[14]

For the above-assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss pursuant to Rule 12(b)(1) & (6) [doc. # 12] filed by defendants, Tensas Parish School Board, Mary E. Johnson, and Shederick Moses be **DENIED-IN-PART** insofar as it seeks to dismiss the case for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the motion to dismiss pursuant to Rule 12(b)(1) & (6) [doc. # 12] filed by defendants, Tensas Parish School Board, Mary E. Johnson, Shederick Moses, and in effect, by Newellton Elementary School, be **GRANTED IN PART**, and that plaintiff's claims arising under the laws and Constitution of the United States be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that plaintiff's remaining claims arising under the laws of the State of Louisiana be **DISMISSED, WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[14] The limitations period is tolled for a minimum of 30 days after dismissal. *See*, 28 U.S.C. § 1367(d).

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 18th day July 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE